UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18cv63121

CHETU, INC., a Florida Corporation,

    Plaintiff,

v.

LLOYD HICKEY, a Colorado resident,

    Defendant.
_____/

### Renewed Motion to Re-Open Case

On December 21, 2018, the Court entered its Pre-Trial Order requiring the parties to hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by Defendant or within sixty (60) days after the filing of the Complaint, whichever occurs first, and then ten (10) days thereafter file a Joint Scheduling Report. **Doc. 4**. On March 4, 2019, the Court sua sponte entered an Order dismissing the case for failure to file the Joint Scheduling Report in accordance with the pre-trial order. **Doc. 7**. On March 4, 2019, Plaintiff filed a Motion to Re-Open Case. **Doc 8**. On March 18, 2019, the court entered an order denying Plaintiff's Motion to Re-Open Case for failure to include the good faith certificate. **Doc 9**.

Rule 60, Federal Rules of Civil Procedure, governs and provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. P. 60(b). Plaintiff experienced delays in serving the Defendant, attempting service numerous times and numerous addresses; ultimately, Defendant was served on February 2,

1

Perlman, Bajandas, Yevoli & Albright, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, FL 33134 – (305) 377-0086

2019 via substitute service. To date, despite service and Plaintiff's numerous emails Defendant has failed to communicate with Plaintiff in any meaningful way. On March 20, 2019, undersigned sent Defendant an email to coordinate the scheduling conference. The conference was coordinated, but Defendant failed to call in. When the call was missed, undersigned counsel, on March 25, 2019, sent another email to Defendant and attached drafts of a proposed Joint Scheduling Report, again attempting to coordinate a scheduling conference and/or obtain Defendant's participation in the drafting the scheduling report. As a result of that email chain, another confernce was set up for Defendant. Defendant again failed to call in to the number provided. To date, Defendant has failed to participate in the drafting of the scheduling report and failed to substantively communicate for a scheduling conference. Accordingly, Plaintiff is concurrently submitting a proposed unilateral scheduling report and proposed order attached as Exhibit 1.

As Defendant has not yet filed a responsive pleading after being served, the deadline to hold the scheduling conference was sixty (60) days after filing the Complaint, February 19, 2019. However, Plaintiff's administrative staff failed to calendar the February 19, 2019 deadline to file the Joint Scheduling Report. Undersigned counsel's staff's failure to calendar the deadline to file the Joint Scheduling Report sixty (60) days after the filing of the Complaint qualifies as "excusable neglect" to grant Plaintiff relief from the March 4, 2019 Order. Excusable neglect is established "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Bowers v. Allez*, 165 So.3d 710 (Fla. 4th DCA 2015). Accordingly, the terms are just and excusable neglect exists to vacate the Court's March 4, 2019 Order dismissing the case for failure to file a Joint Scheduling Report.

Defendant's deadline to serve his responsive pleading was February 25, 2019. As Defendant has failed to file any paper or respond to the Complaint as required under Florida law, Plaintiff is entitled to a default in its favor and against Defendant. The Court should not prejudice Plaintiff dismissing the case which Defendant has defaulted due to staff's excusable neglect in failing to properly calendar the pre-trial deadlines.

  **Wherefore**, Plaintiff respectfully requests this Court to vacate its March 4, 2019 Order dismissing the case for failure to file a joint scheduling report, enter default in favor of Plaintiff and against Defendant – or alternatively, vacate the March 4, 2019 order and grant Plaintiff five (5) days to file a separate motion for default, and award any further relief that the Court deems just and proper.

3

Perlman, Bajandas, Yevoli & Albright, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, FL 33134 – (305) 377-0086

## Certificate of Good Faith Conference

I hereby certify that pursuant to Local Rule 7.1(a)(3), undersigned counsel attempted to confer with *pro se* Defendant. On March 20, 2019, undersigned sent Defendant an email to set up a call. A call was coordinated, but Defendant failed to call in. When the call was missed, undersigned counsel, on March 25, 2019, sent another email to Defendant and attached drafts of a proposed Joint Scheduling Report, again attempting to coordinate another scheduling conference and/or obtain Defendant's participation in the drafting the scheduling report. As a result of that email chain, another call was set up for Defendant. Defendant again failed to call in to the number provided. To date, Defendant has failed to participate in the drafting of the scheduling report and failed to substantively communicate for a scheduling conference.

Dated: April 15, 2019.           Respectfully submitted,

/s/ *Joey Lampert*
Paul D. Turner, Esq. (FBN 113743)
pturner@pbyalaw.com
Joey M. Lampert, Esq. (FBN 72570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT
200 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: 954-566-7117 / F: 954-566-7115
*Attorneys for Chetu, Inc.*

## Certificate of Service

I certify that on April 15, 2019, a true and correct copy of this document is being served upon all parties of record on the attached Service List.

/s/ *Joey Lampert*
Joey M. Lampert, Esq. (FBN 72570)

**Service List**:
Lloyd Hickey
115 Large Oaks Drive
Cary, NC 27518
*Via FedEx and E-Mail*