# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18cv63121

CHETU, INC.,

     Plaintiff,

v.

LLOYD HICKEY,

     Defendant.             /

**<u>Proposed Scheduling Report[1]</u>**

Plaintiff Chetu, Inc. ("Plantiff"), pursuant to Local Rule 16.1(b) of the Southern District of Florida, hereby submit this Scheduling Report.

(A)    **Likelihood of settlement**:  There is a potential for settlement. It is premature at this juncture to state whether the matter may be settled, however, the parties will continue to engage in good faith settlement discussions.

(B)    **Likelihood of appearance of additional parties**:  The Parties do not anticipate additional parties being named or seeking intervention in this action.

(C)    **Discovery schedule**: The Parties propose a pre-trial discovery schedule, which comports with the standard case management track as defined in Local Rule 16.1(a)(2)(B):

| **DEADLINE OR DATE** | **ACTION OR EVENT** |
| --- | --- |
| Within 10 days of the date of this scheduling order. | The Parties shall each provide initial disclosures pursuant to Rule 26(a)(1)(A). |

[1] Plaintiff has conferred with Mr. Hickey via email numerous times to coordinate a scheduling conference, however, Mr. Hickey, after responding and coordinating a date and time, has failed to appear or call in and refuses to participate in any conference or scheduling. Accordingly, Plaintiff files this unilateral Schedule Report.

| DEADLINE OR DATE | ACTION OR EVENT |
|---|---|
| Within 60 days of the Parties' service of initial disclosures. | All motions for joinder of parties or to amend pleadings shall be filed. |
| September 20, 2019 | All **fact** discovery must be completed. The Parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| October 16, 2019 | Plaintiff(s) must provide Defendant(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Plaintiff(s) shall make the expert witnesses available for deposition by Defendant(s). |
| October 23, 2019 | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| October 31, 2019 | Mediation shall be completed. |
| November 22, 2019 | All **expert** discovery must be completed. |
| November 29, 2019 | All dispositive, pre-trial motions and memoranda must be filed, as well as any motions to exclude or to limit proposed expert testimony. |
| November 29, 2019 | Proposed date before which all motions in limine must be filed. |
| November 29, 2019 | The Parties shall each furnish opposing counsel a written list containing the names and addresses of all fact witnesses who may be called at trial. Only those witnesses named on this list shall be permitted to testify at trial. This list may be amended after the close of discovery. |
| January 17, 2020 | Proposed date for joint pre-trial stipulation pursuant to Local Rule 16.1(e). |
| February 12, 2020 | Proposed date for pre-trial conference. |
| February 25, 2020 | Proposed date for trial. |

(D)     **Proposal for the formulation and simplification of issues**:  The Parties do not

anticipate a need to simplify the issues in this action at this time.  As the case progresses, the parties

will confer in good faith, if necessary, to discuss proposals for the formulation and simplification of issues in this case.

(E)     **Necessity or desirability of amendments to the pleadings**: The Parties do not presently anticipate needing to amend the pleadings, but reserve the right to do so up until the deadline established by the Court's scheduling order.

(F)     **Admissions and stipulations which will avoid unnecessary proof**: The Parties shall work to obtain admissions and stipulations that will avoid unnecessary proof at trial.

(G)     **Avoidance of unnecessary proof and cumulative evidence; the use of admissions of facts and stipulations and advance rulings by the Court on the admissibility of evidence**:  The Parties will cooperate to stipulate to the authenticity of many, if not all, documents in this action.  With respect to testimony, The Parties anticipate the number of depositions, and if trial goes forward, number of witnesses, to be limited.  The Parties will endeavor to stipulate/admit to as many facts as necessary to streamline this matter for purposes of dispositive motion practice, and if necessary, trial.  At present, The Parties do not anticipate the need of advance rulings by the Court on the admissibility of evidence.

(H)     **Referral of matters to Magistrate Judge or Master**: The Parties do not consent to trial by the Magistrate Judge or to the disposition of dispositive pre-trial motions by a Magistrate Judge.

(I)     **Estimate of time needed for trial**:  The Parties estimate that no more than two (2) days will be necessary for trial.

(J)     **Pre-Trial Dates**: The Parties request that the pre-trial conference be scheduled for February 12, 2020 and that the trial be scheduled to commence on or after February 25, 2020. This is a non-jury action.

(K)     **Additional Helpful Information for the Court**: At this time, the Parties are unaware of additional information that may be helpful to the Court in setting the case for status or pre-trial conference, but will make any such information available to the Court if it arises.

Dated:  April 16, 2019        Respectfully submitted,

*/s/ Joey Lampert*
Paul Turner, Esq. (FBN 113743)
pturner@pbyalaw.com
Ben Reiss, Esq. (FBN 985643)
breiss@pbyalaw.com
Joey Lampert, Esq. (FBN 072570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT
200 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: (954) 566-7117 / F: (954) 566-7115
*Attorneys for Chetu, Inc.*

### Certificate of Service

I certify that on April 16, 2019, a true and correct copy of this document is being served upon all parties of record on the attached Service List.

*/s/ Joey Lampert*
Joey M. Lampert, Esq. (FBN 72570)

**Service List**:
Lloyd Hickey
115 Large Oaks Drive
Cary, NC
*Via FedEx and E-Mail*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18cv63121

CHETU, INC., a Florida Corporation,

     Plaintiff,

v.

LLOYD HICKEY, a Colorado resident,

     Defendant.                /

## **Proposed Scheduling Order**

The parties have agreed on the following dates and discovery plan:

(A)    The case shall be assigned to Case Management Track B, Standard Track, for a trial period of no more than ten (10) days.

(B)    Detailed Discovery and Trial Deadline Schedule:

| **DEADLINE OR DATE** | **ACTION OR EVENT** |
| --- | --- |
| Within 10 days of the Court's decision on Defendant Judicial Watch, Inc.'s Motion to Stay Discovery (to be filed). | The Parties shall each provide initial disclosures pursuant to Rule 26(a)(1)(A). |
| Within 60 days of the Parties' service of initial disclosures. | All motions for joinder of parties or to amend pleadings shall be filed. |
| September 20, 2019 | All **fact** discovery must be completed. The Parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| October 16, 2019 | Plaintiff(s) must provide Defendant(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this |

1

| DEADLINE OR DATE | ACTION OR EVENT |
|---|---|
| | deadline, Plaintiff(s) shall make the expert witnesses available for deposition by Defendant(s). |
| October 31, 2019 | Mediation shall be completed. |
| October 23, 2019 | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| November 22, 2019 | All **expert** discovery must be completed. |
| November 29, 2019 | All dispositive, pre-trial motions and memoranda must be filed, as well as any motions to exclude or to limit proposed expert testimony. |
| November 29, 2019 | Proposed date before which all motions in limine must be filed. |
| November 29, 2019 | The Parties shall each furnish opposing counsel a written list containing the names and addresses of all fact witnesses who may be called at trial. Only those witnesses named on this list shall be permitted to testify at trial. This list may be amended after the close of discovery. |
| January 17, 2020 | Proposed date for joint pre-trial stipulation pursuant to Local Rule 16.1(e). |
| February 12, 2020 | Proposed date for pre-trial conference. |
| February 25, 2020 | Proposed date for trial. |

DONE and ORDERED in chambers, at Miami, Florida, on this ___ day of April, 2019.

_____
THE HONORABLE K. MICHAEL MOORE
UNITED STATES DISTRICT COURT JUDGE

cc: Counsel of Record